# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO DE PUENTE-HUDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01228-OWW-GSA PC<br><br>ORDER DISMISSING CERTAIN CLAIMS PURSUANT TO PLAINTIFF'S NOTICE, AND DIRECTING DEFENDANT ADAMS TO FILE A RESPONSE TO THE COMPLAINT WITHIN FORTY-FIVE DAYS<br><br>(Docs. 1, 10, and 15)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME AS MOOT<br><br>(Docs. 16 and 17) |

      Plaintiff Marcos De Puente-Hudson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendant Derral G. Adams removed this action from Kings County Superior Court on August 19, 2008.  On January 23, 2009, the Magistrate Judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order finding that the complaint states a claim under the First Amendment against Defendant Adams, but fails to state any other claims.  Plaintiff was given the option of either filing an amended complaint curing the deficiencies in his claims or notifying the Court of his willingness to proceed only on his cognizable First Amendment claim.

///

///

On February 5, 2009, Plaintiff filed a notice stating that he is willing to proceed only on his cognizable claim and does not intend to amend. Based on Plaintiff's notice, the Court will dismiss the claims that are not cognizable and direct Defendant Adams to respond to the complaint.

Also on February 5, 2009, Plaintiff filed a motion for summary judgment. In moving for summary judgment, Plaintiff is required to make a showing "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)). Plaintiff must demonstrate there is no triable issue as to the matters alleged in his own pleading, id., which requires him to establish beyond controversy every essential element of his claim. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). Further, "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a).

Plaintiff's motion is not accompanied by a statement of undisputed facts or by any evidence demonstrating an entitlement to judgment as a matter of law. It appears Plaintiff may misunderstand the Court's screening determination. A finding that a complaint states a claim at the pleading stage is judged by a different standard, Fed. R. Civ. P. 8(a), and does not translate into an entitlement to summary judgment, Fed. R. Civ. P. 56. Plaintiff's motion is deficient for failure to comply with Local Rule 56-260(a), and it shall be denied without prejudice. Defendant Adam's motion for an extension of time to respond shall be denied as moot in light of this order.

Accordingly, pursuant to 28 U.S.C. § 1915A and Plaintiff's notice filed February 5, 2009, it is HEREBY ORDERED that:

1. This action for damages shall proceed on Plaintiff's complaint, filed August 19, 2008, against Defendant Adams for enacting a magazine policy that violates the First Amendment;

///

2. Plaintiff's due process claims are dismissed for failure to state any claims upon which relief may be granted

3. Plaintiff's claim arising from the failure to respond to his inmate appeals within the time constraints is dismissed for failure to state a claim upon which relief may be granted;

4. Plaintiff's claim against Defendant Doe, the Director of the California Department of Corrections and Rehabilitation, for failure to train is dismissed for failure to state a claim upon which relief may be granted;

5. Plaintiff's claim for declaratory relief is dismissed for failure to state a claim;

6. Defendant Adams shall file a response to the complaint within **forty-five (45) days** from the date of service of this order;

7. Plaintiff's motion for summary judgment, filed February 5, 2009, is denied, without prejudice, for failure to comply with Local Rule 56-260(a); and

8. Defendant Adam's motion for an extension of time to oppose the motion for summary judgment, filed February 13, 2009, is denied as moot.

IT IS SO ORDERED.

**Dated:    February 18, 2009**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE