# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO DE PUENTE-HUDSON,<br><br>    Plaintiff,<br><br>  v.<br><br>DERRAL G. ADAMS,<br><br>    Defendant.<br>_____ / | CASE NO. 1:08-cv-01228-OWW-GSA PC<br><br>ORDER GRANTING DEFENDANT'S RULE 56(F) MOTION, AND DEEMING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT VACATED FROM THE COURT'S CALENDAR PENDING DEFENDANT'S OPPOSITION AND PLAINTIFF'S REPLY, IF ANY<br><br>(Doc. 26)<br><br>**Opposition Deadline:** **02/20/2010** |

  Plaintiff Marcos De Puente-Hudson is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Derral G. Adams removed this action from Kings County Superior Court on August 19, 2008, and pursuant to the Court's order of February 19, 2009, this action is proceeding on Plaintiff's complaint, filed August 19, 2008, against Defendant Adams for enacting a magazine policy that allegedly violates the First Amendment of the United States Constitution.

  Plaintiff filed a motion for summary judgment on July 24, 2009. In response, Defendant filed a motion seeking a continuance to allow him to complete discovery. Fed. R. Civ. P. 56(f). Plaintiff filed an opposition to the motion on August 27, 2009.

  The discovery phase of this litigation was opened via an order issued on May 20, 2009, and pursuant to the order, the responding party has forty-five days within which to serve a response to a discovery request. The deadline for the completion of discovery is set for January 20, 2010. Thus,

1  Plaintiff's motion for summary judgment was filed early on in the discovery phase, and Defendant's
2  diligence in conducting discovery is not at issue. Employers Teamsters Local Nos. 175 and 505
3  Pension Trust Fund v. Clorox Company, 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted).
4       Summary judgment is disfavored where, as here, relevant evidence remains to be discovered.
5  Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). Defendant has supported his motion with a
6  declaration setting forth the facts he believes exist that are necessary to oppose Plaintiff's motion
7  and will preclude summary judgment. Id. at 1129 (citation omitted). Therefore, Defendant's motion
8  shall be granted. Plaintiff's opposition and offer to voluntarily turn over the information sought are
9  noted, but the Court finds Defendant has sufficiently supported his request, and Defendant is entitled
10 to seek the information through discovery and is not required to rely on Plaintiff's voluntary
11 production.
12      Accordingly, it is HEREBY ORDERED that:
13      1.   Defendant's Rule 56(f) motion, filed August 12, 2009, is GRANTED;
14      2.   Defendant's opposition is due on or before February 20, 2010; and
15      3.   In light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Plaintiff's motion for
16           summary judgment, filed July 24, 2009, is deemed VACATED from the Court's
17           calendar until (1) the filing of the opposition and reply, if any, and (2) the motion is
18           submitted pursuant to Local Rule 78-230(m).[1]

21      IT IS SO ORDERED.
22      Dated:   **October 21, 2009**           /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] This order does not require Plaintiff to re-file his motion. Once Defendant files his opposition and either Plaintiff files a reply or the time for filing a reply passes, the motion will be deemed submitted pursuant to Local Rule 78-230(m). No action by either party is required beyond the submission of the opposition and reply.

2