1

2

3

4                          UNITED STATES DISTRICT COURT

5                          EASTERN DISTRICT OF CALIFORNIA

6

7    MARCO DE PUENTE-HUDSON,           )        1:08-cv-01228-OWW-GSA-PC
                                       )
8           Plaintiff,                 )        ORDER GRANTING MOTION
                                       )        TO RECEIVE CONFIDENTIAL
9    vs.                               )        DOCUMENTS UNDER SEAL AND
                                       )        FOR IN CAMERA REVIEW
10   DERRAL G. ADAMS, et al.,          )        (Doc. 41.)
                                       )
11                                     )        ORDER DIRECTING CLERK TO SEAL
            Defendants.                )        DOCUMENTS
12                                     )
                                       )
13   _____ )

14   **I.      BACKGROUND**

15          Jimmy Marco De Puente-Hudson ("Plaintiff") is a state prisoner proceeding pro se with this civil

16   rights action under 42 U.S.C. § 1983.  Defendant Derral G. Adams removed this action from the Kings

17   County Superior Court on August 19, 2008.  (Doc. 1.)  This action now proceeds on Plaintiff's

18   complaint against defendant Adams ("Defendant"), for violation of Plaintiff's rights under the First

19   Amendment of the United States Constitution, based on allegations that Defendant unlawfully prevented

20   Plaintiff from receiving issues of magazines.[1]  On March 24, 2010, Defendant filed a motion for

21   summary judgment and a motion for the court to receive confidential documents under seal and for in

22   camera review.  (Docs. 40, 41.)  Defendant's motion to seal documents is now before the court.

23   **II.     MOTION TO SEAL DOCUMENTS**

24          Most courts recognize a presumption of public access to court records based on common law and

25   First Amendment grounds.  The public therefore normally has the right to inspect and copy documents

26   _____

27          [1]All other claims were dismissed from this action by the court on February 19, 2009.  (Doc. 18.)

28                                          1

1    filed with the court.  See Nixon v. Warner Comm., Inc.,435 U.S. 589, 597-98 (1978); Globe Newspaper

2    v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); Phillips ex rel. Estates of Byrd v.

3    General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002).  However, public access may be denied

4    where the court determines that court-filed documents may be used for improper purposes.  Nixon, 435

5    U.S. at 598; Hagestad v. Tragesser,49 F.3d 1430, 1433-1434 (9th Cir. 1995).  Courts should consider

6    "the interests advanced by the parties in light of the public interest and the duty of the courts."  Id. at

7    1434 (quoting Nixon,435 U.S. at 602).  The Supreme Court has acknowledged that the decision to seal

8    documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light

9    of the relevant facts and circumstances of the particular case."  Id. at 599.  After taking all relevant

10   factors into consideration, the district court must base its decision on a compelling reason and articulate

11   the factual basis for its ruling, without relying on hypothesis or conjecture.  Hagestad, 49 F.3d at 1434.

12    Local Rule 141allows the court to seal documents only upon written order.  L. R. 141(a).  Generally,

13   the contents of such documents are of a nature that require the court to maintain the confidentiality of

14   the document.  For example, the contents may reveal information that may jeopardize the safety of

15   particular individuals.

16      Defendant moves the court to review in camera and file under seal "for one hundred years"

17   Attachment 2 to Defendant's Exhibit C of Defendant's Exhibits in Support of his Cross Motion for

18   Summary Judgment.  Defendant has submitted documents consisting of unredacted copies of magazine

19   articles which were withheld from Plaintiff because they contain gang information and pictures that

20   violate institutional security interests.  These documents serve to support Defendant's motion for

21   summary judgment of Plaintiff's lawsuit alleging that Defendant unlawfully prevented him from

22   receiving issues of magazines.

23      Defendant contends that it is necessary for the court to review the documents to determine

24   whether the prison had a legitimate governmental interest in keeping them from the inmate population.

25   Defendant argues that disclosure of the unredacted documents would be against the public interest

26   because the need for keeping contraband out of prisons outweighs any necessity for disclosure.

27   Defendant has served a redacted copy on Plaintiff.

28

## III.  DISCUSSION

The court does not seal case documents or exhibits from public view without good cause.  Here, Defendant represents that the information contained in the submitted documents violates institutional security interests and was designated contraband and kept from the inmate population.  The court has made an in camera review of the documents, for information of a nature that clearly would require the court to maintain confidentiality.  The court finds that the unredacted documents contain information and pictures which may be used for improper purposes by Plaintiff and other inmates.  Defendant has given a compelling reason for the court to seal these documents, based on the prison's interest in keeping contraband from inmates.  The court agrees that in this case the disclosure of the unredacted documents would be against the public interest because the need for keeping contraband out of prisons outweighs any necessity for disclosure.  It is the practice of this court to maintain case documents under seal for an undetermined time period, until they are ordered unsealed by the court.  Accordingly, the court shall grant Defendant's motion and direct the Clerk of Court to seal the case documents submitted by Defendant as Attachment 2 to Defendant's Exhibit C of Defendant's Exhibits in Support of his Cross Motion for Summary Judgment, until they are ordered unsealed by the court.

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendant's motion for the court to receive confidential documents under seal and for in camera review is GRANTED; and

2.    The Clerk of Court is DIRECTED to seal the case documents submitted by Defendant on March 24, 2010, as Attachment 2 to Defendant's Exhibit C of Defendant's Exhibits in Support of his Cross Motion for Summary Judgment, until they are ordered unsealed by the court.

IT IS SO ORDERED.

   Dated:    **April 21, 2010**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3