1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9

10   MARCO DE PUENTE-HUDSON,          )      1:08-cv-01228-OWW-GSA-PC
                                       )
11          Plaintiff,                 )      ORDER DENYING PLAINTIFF'S MOTIONS
                                       )      TO  CONDUCT  FURTHER  DISCOVERY,
12      v.                             )      WITH PREJUDICE
                                       )      (Docs. 61, 65.)
13   DERRAL G. ADAMS, et al.,          )
                                       )      ORDER DENYING PLAINTIFF'S MOTIONS
14          Defendants.                )      TO   POSTPONE   CONSIDERATION   OF
                                       )      DEFENDANT'S   CROSS-MOTION   FOR
15                                     )      SUMMARY JUDGMENT
                                       )      (Doc. 60, 64.)
16   _____  )

17   **I.      RELEVANT PROCEDURAL BACKGROUND**

18          Marco De Puente-Hudson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

19   action pursuant to 42 U.S.C. § 1983.  Defendant Derral G. Adams removed this action from the Kings

20   County Superior Court on August 19, 2008.  (Doc. 1.)  This action now proceeds on Plaintiff's

21   Complaint against defendant Adams ("Defendant"), for violation of Plaintiff's rights under the First

22   Amendment of the United States Constitution, based on allegations that Defendant unlawfully prevented

23   Plaintiff from receiving issues of magazines.[1]  Plaintiff's Motion for Summary Judgment, filed July 24,

24   2009, and Defendant's Cross-Motion for Summary Judgment, filed March 24, 2010, are pending on the

25   court's calendar.  (Docs. 23, 40.)

26   _____

27          [1]All other claims were dismissed from this action by the court on February 19, 2009.  (Doc. 18.)

28                                            1

1     On June 15, 2010 and August 3, 2010, Plaintiff filed Motions for the Court to postpone

2  consideration of Defendant's Cross-Motion for Summary Judgment. (Docs. 60, 64.) On June 28, 2010

3  and August 3, 2010, Plaintiff filed Motions to conduct further discovery. (Docs. 61, 65.) Defendant has

4  not filed any opposition.

5  **II.     MOTIONS TO POSTPONE CONSIDERATION OF CROSS-MOTION**

6     Plaintiff brings Motions for the Court to postpone consideration of Defendant's Cross-Motion

7  for Summary Judgment, to enable Plaintiff to conduct further discovery.  Plaintiff filed an opposition

8  to Defendant's Cross-Motion on August 3, 2010.  (Docs. 62-68.)  However, Plaintiff contends he lacks

9  information and documents essential to defend against the Cross-Motion.  Plaintiff requests leave to

10 make further discovery requests of Defendant.  Plaintiff also requests the issuance of subpoenas to

11 compel production of documents from Corcoran State Prison, Lancaster State Prison, and Calipatria

12 State Prison.  At this stage of the proceedings, allowing Plaintiff to conduct further discovery would

13 require modification of the court's scheduling order to reopen discovery.

14     ***Modification of the Scheduling Order***

15     "The district court is given broad discretion in supervising the pretrial phase of litigation."

16 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992) (citation and internal quotation

17 marks omitted).  A court may modify a scheduling order for good cause. Fed. R. Civ. P 16(b)(4).  This

18 good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson

19 v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party

20 seeking the modification of a scheduling order must generally show that even with the exercise of due

21 diligence, they cannot meet the requirement of the order. Johnson v. Mammoth Recreations, Inc., 975

22 F.2d 604, 609 (9th Cir. 1992).

23     In this action, the deadline for Plaintiff to complete discovery expired more than seven months

24 ago on January 20, 2010, pursuant to the court's scheduling order of May 20, 2009.[2]  (Doc. 22.) The

25 deadline for the parties to file pretrial dispositive motions expired nearly six months ago, on March 24,

26

27     [2] Although the discovery deadline was extended to February 16, 2010, it was to accommodate the taking of Plaintiff's deposition.  (Doc. 37.)

28                                        2

2010.  Id.  Plaintiff offers no explanation why he did not make his discovery requests during the time discovery was open or why he waited so long to request leave for further discovery.  Without such information, the Court cannot find good cause to reopen discovery.  To reopen discovery for Plaintiff at this late date without good cause would cause unnecessary delay and would be prejudicial to Defendant whose Cross-Motion for Summary Judgment is now pending before the Court.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff has not shown good cause to reopen discovery in this action.  Therefore, Plaintiff's Motions to conduct further discovery shall be denied.  Consequently, Plaintiff's Motions for the Court to postpone consideration of Defendant's Cross-Motion, to allow further discovery by Plaintiff, shall also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's Motions for leave to conduct further discovery are DENIED, with prejudice;

2.    Plaintiff's Motions for the Court to postpone consideration of Defendant's Cross-Motion for Summary Judgment are DENIED; and

3.    No further motions to reopen discovery shall be entertained in this action.


IT IS SO ORDERED.

**Dated:    September 21, 2010**                          _____ /s/ **Gary S. Austin** _____
                                                                  UNITED STATES MAGISTRATE JUDGE